

FILED
11:40 am, 3/3/20
U.S. Magistrate Judge

# United States District Court

## For The District of Wyoming

| | |
|---|---|
| MIKE SNOW, individual and for others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER CREEK MIDSTREAM HOLDINGS, LLC and SILVER CREEK MIDSTREAM SERVICES, LLC,<br><br>Defendants,<br><br>APPLIED CONSULTANTS, INC,<br><br>Intervenor Defendant. | Civil No. 19-CV-241-J |

### ORDER GRANTING APPLIED CONSULTANTS, INC'S MOTION TO INTERVENE [DOC. 18]

This matter is before the Court on Movant Applied Consultants, Inc's Motion to Intervene [Doc. 18]. The Court, having carefully considered the Motion, Response, Reply, and being otherwise fully advised, FINDS:

Movant has sufficiently satisfied each of the four elements necessary for intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Further, even if intervention as of right were not appropriate in this situation, all factors and considerations support Movant's request for permissive intervention and the Court would exercise its discretion and grant Applied permissive intervention under Rule 24(b).

## BACKGROUND

This case is originally before the Court on Plaintiff's Complaint [Doc. 1] alleging Defendant Silver Creek Midstream Holdings, LLC and Silver Creek Midstream Services, LLC ("Silver Creek") violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime as required by law. In the instant Motion, Applied Consultants, Inc ("Applied") seeks to intervene in this matter as of right and permissively. Applied's proposed intervention surrounds its alleged employment of Plaintiff. Specifically, Applied claims to have a contract with Silver Creek to render inspection services. Under the Master Services Agreement, Silver Creek is to submit a work order and Applied then renders the services with its own employees. Applied asserts that Silver Creek pays Applied a stipulated rate, and that in turn, Applied pays its employees in a manner it sees fit.

Applied seeks to intervene as a matter of right claiming the proposed intervention is timely, that Applied has an interest in Plaintiff's FLSA claim arising from or relating to Snow's employment, and claiming that Silver Creek does not adequately represent its interests. In the alternative, Applied seeks permissive intervention claiming it shares common question of law and fact with the underlying action.

## RELEVANT LAW

Rule 24(a) of the Federal Rules of Civil Procedure sets forth the criteria for intervention as a matter of right. The rule permits intervention as a matter of right on a timely motion to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P.

2

24(a)(2). Thus, a movant may intervene as a matter of right if: (l) the motion is timely; (2) they share an interest relating to the property or transaction which is the subject of the action; (3) that interest may be impaired or impeded; and (4) the interest is not adequately represented by existing parties. *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005); *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010).

Federal Rule of Civil Procedure 24(b) governs permissive intervention and states a party may, on timely motion, intervene when it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b). Whether to grant permissive intervention lies within the discretion of the district court. *City of Stilwell v. Ozarks Rural Elec. Coop.*, 79 F.3d 1038, 1043 (10th Cir. 1996). In considering whether to grant intervention under Rule 24, the Tenth Circuit follows "a somewhat liberal line". *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

### RULING OF THE COURT

Applied seeks leave to intervene as a defendant in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure both as a matter of right and permissively. Applied seeks to intervene as a matter of right claiming the proposed intervention is timely, that it has an interest in Plaintiff's FLSA claim arising from or relating to Snow's employment, and claiming that none of the existing parties adequately represent its interests. In the alternative, Applied seeks

3

permissive intervention claiming it shares a common question of law and fact with the underlying action.

### *Intervention as of Right*

A movant may intervene as a matter of right upon the filing of a timely motion, where the movant has an interest relating to the property or transaction that is the subject of the action, where the movant's interest may be impaired or impeded, and where the movant is not adequately represented by existing parties. FED. R. CIV. P. 24(a)(2). The Tenth Circuit has developed a somewhat more liberal stance in allowing intervention. *See Clinton,* 255 F.3d at 1249.

### *Timeliness*

The first element, timeliness, is present here. "The timeliness of a motion to intervene is determined 'in light of all of the circumstances.'" *Tyson Foods, Inc.,* 619 F.3d at 1232. While Plaintiff's Complaint [Doc. 1] was filed on November 21, 2019, this case is in its infancy and the instant Motion was brought without undue delay. Rather than file an answer, Defendants filed a Motion to Compel Arbitration [Doc. 14] on December 27, 2019, and Movant filed the instant motion to intervene a short time later on January 13, 2020. There has not been any scheduling conference or trial schedule established and there is nothing to indicate that the timing of the Motion would cause prejudice to any party. Further, while Plaintiff opposes the request to intervene, he does not question the timing of the Motion.

### *Interest that could be adversely impaired*

The following factors, requiring a movant to share an interest relating to the property or transaction which is the subject of the action and that interest may be impaired or impeded, are intertwined and will be addressed together. Intervention as of right

is a highly fact-specific inquiry that lacks a mechanical rule. *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007). While the movant must have an interest that could be adversely affected, "practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id*. Finding a protectable interest is not the end of the inquiry, as it must also be shown that the interest could be impaired or impeded. *See Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1123 (10th Cir. 2019) ("To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal.") (internal quotations and citations omitted).

Plaintiff claims the undisputed issue in the action is Silver Creek's alleged obligation, and failure, to pay Plaintiff and the proposed class members overtime under the FLSA. Plaintiff argues no decision in this action will hold liable or bind Applied under the FLSA, because Plaintiff need only show he was an employee of Silver Creek and Applied and Silver Creek's status as joint employers has no bearing on this case. Plaintiff goes on to argue Applied is not a necessary party to this action given that Plaintiff may recover all damages from Silver Creek alone. Plaintiff also asserts that Applied's potential indemnity obligations to Silver Creek are insufficient to allow for intervention, and resolution of the claims in this action will not impair or impede Applied's potential indemnity obligations.

The Court is not persuaded by Plaintiff's arguments and finds Applied has an interest relating to the underlying action and that interest may be impaired or impeded if not allowed to intervene. While Plaintiff's Complaint and underlying claims never specifically assert or allege Applied is a joint employer with Silver Creek, the underlying facts and circumstances surrounding Plaintiff's claims leave little, if any, room to dispute that Applied could potentially

5

be found to be a joint employer with Silver Creek. The regulatory body responsible for enforcing FLSA regulations, the Department of Labor, "has enacted regulations outlining when multiple parties may be jointly liable under the FLSA due to the existence of a joint-employer relationship. *Harris v. Universal Contracting*, LLC, No. 2:13-CV-00253 DS, 2014 WL 2639363, at *5 (D. Utah June 12, 2014) (citing 29 C.F.R. § 791.2). "According to these regulations, if one employer is acting in the interest of another, or if one employer is controlled by another, a joint-employer relationship exists, and 'all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act.'" *Id*. (quoting 29 C.F.R. § 791.2). The Court finds that in this case this is sufficient to establish a protectable interest that could potentially be impeded by the disposition of the actions. While Plaintiff is seeking to recover solely from Silver Creek in the underlying action, there is the potential for Applied to be construed as jointly and severally liable as a joint employer under the FLSA given the facts of Plaintiff's employment. Specifically, Applied hired Plaintiff, paid Plaintiff, determined Plaintiff's duties and where and for what companies he would be working, and made the determination Plaintiff was overtime exempt under the FLSA. The Court finds the potential for Silver Creek to claim Applied is Plaintiff's sole employer, or even a joint employer, establishes a protectable interest. Applied's interest could also be impaired if Applied is denied permission to intervene in this case. Without Applied in the case, Silver Creek could argue and assert that Applied is the sole employer, or joint employer, subjecting Applied to potential liability without the ability to defend itself.

      Further, there is no dispute the Master Service Agreement between Applied and Silver Creek contains an indemnity clause wherein Applied shall defend, indemnify, and hold harmless Silver Creek against any and all claims arising out of or related to the work or services

performed by Applied or its employees. Master Service Agreement, Jan. 13, 2020, ECF No. 18-2, at ¶ 7(a). Silver Creek has already made a demand that Applied indemnify it for any recovery awarded in Plaintiff's suit. As a result, Applied has a direct financial interest in the outcome of the underlying action. *See Barnes*, 945 F.3d at 1122 ("it is clear that [movant] has a financial interest in the proceeding that is sufficient to satisfy the minimal burden we have imposed for intervention as of right"); *Utahns for Better Transp. v. U.S. Dep't of Transp.,* 295 F.3d 1111, 1115 (10th Cir.2002) ("Furthermore, the Tenth Circuit has deemed the mere threat of economic injury to be sufficient for granting intervention."); *San Juan Cty., Utah,* 503 F.3d at 1203 ("Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation."). Again, Applied's interests could be impaired if not allowed to intervene because of the indemnity clause in the Master Service Agreement and Silver Creek's corresponding indemnity demand.

*Inadequate Representation*

The final element remaining for intervention as a matter of right is that Applied's interests must not be adequately represented by any of the existing parties to the underlying action. The burden of proving inadequate representation is minimal, requiring only a showing that the current parties' representation **may be** inadequate. *Romero v. Bd. of Cty. Comm'rs for the Cty. of Curry*, 313 F.R.D. 133, 141 (D. N.M. 2016). Here, while both Applied and Silver Creek will undoubtably try to defeat Plaintiff's claims, and Plaintiff is trying to place sole responsibility for the FLSA violations on Silver Creek, there is more than a mere possibility that the interests may diverge and Applied's interests may not be adequality represented. The underlying factual basis of Plaintiff's claims creates unique issues. Unlike other cases in which

7

a plaintiff alleges violations of the FLSA for actions of joint employers or against corporate officers that exerted operational control, Plaintiff's claims are directed at Silver Creek and does not include or identify the entity, Applied, that hired him, paid him, directed his employment duties, and so forth. This creates the distinct possibility that Plaintiff may have to make allegations against both Applied and Silver Creek, and that Silver Creek and Applied may point the proverbial finger at one another. Further, while joint and several liability of joint employers would allow Plaintiff to recover fully from Silver Creek, the Master Service Agreement between Applied and Silver Creek, along with the corresponding demand for indemnity, creates a situation in which the current parties' representation may be inadequate as pertaining to Applied.

Applied has sufficiently satisfied each of the four elements necessary for intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Therefore, the Court grants Applied's request to intervene as of right.

### *Permissive Intervention*

Even if Applied were unable to meet the necessary requirements for intervention as of right, it is entitled to intervene permissively under Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b) allows for permissive intervention when: the motion to intervene is timely made; the movant's claim or defense and the underlying action share a common question of law or fact; and where intervention will not cause undue prejudice or unduly delay to any of the existing parties. FED. R. CIV. P. 24(b); *Romero*, 313 F.R.D. at 147.

As already discussed, Applied's Motion to Intervene is timely. Next, the Court finds that allowing intervention will not cause any of the existing parties undue delay or undue prejudice. First, this case is in its infancy with no answer yet being filed, no trial schedule,

8

and no real discovery yet taking place. While Plaintiff claims he will be prejudiced by Applied's attempt to bolster the cause for Silver Creek to compel arbitration in this case, the Court finds the argumetns surrounding any attempt by Silver Creek or Applied to compel arbitration is a separate issue that will not be addressed in regard to the instant Motion to Intervene. While the briefing in this matter discusses the arbitration agreement between Plaintiff and Applied, the Court has not considered the agreement for purposes of Applied's request to intervene. Therefore, the Court finds allowing Applied to intervene would not cause any undue prejudice because Plaintiff will have every opportunity to address the merits of his claims in regard to Silver Creek. Further, Silver Creek's pending Motion to Dismiss and Compel Arbitration [Doc. 14] raises the issue of the arbitration agreement between Plaintiff and Applied, already placing the issue squarely before the trial court.

Next, Applied shares a common defense and common question of law and fact with the underlying suit. Plaintiff's claims are based in Silver Creek's alleged wrongful classification of Plaintiff as overtime exempt and for failure to pay overtime as required under the FLSA. *See* FED. R. CIV. P. 24(b)(1)(B)(a court may permit intervention when a movant "has a claim or defense that shares with the main action a common question of law or fact"). It stands to reason that the arrangement between all three players, Plaintiff, Silver Creek, and Applied, have a direct impact and bearing on the underlying claim. Plaintiff was hired, paid, and told when and where to report for duty by Applied. Silver Creek had a contract with Applied wherein Applied was to provide services, and those services included work performed by Plaintiff. Plaintiff argues Applied's actions and classification of Plaintiff as overtime exempt under the FLSA have no bearing on Silver Creek's independent duty to follow the FLSA and make its own classification and pay overtime. The Court is not persuaded by this argument as

9

the finder of fact will ultimately have to look at Plaintiff's complete employment arrangement and how the differing parties interacted with each other and independently. Resolution of Plaintiff's claims against Silver Creek could also have legal implications against Applied regarding its present and any future classification of its employees under the FLSA as well as impacting its agreements with its customers.

Lastly, the Court finds none of the existing parties will adequately represent Applied's interests as discussed above, and finds that allowing Applied to intervene adds value and significantly advances the full and complete development of the factual and legal issues raised in the underlying action. See *United States v. N. Colo Water Conservancy Dist.*, 251 F.R.D. 590, 601 (D. Colo. 2008) "(In deciding on a motion for permissive intervention, a court will consider whether the movant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues or, alternatively, is likely to be counterproductive.)." Therefore, even if intervention as of right were not appropriate in this situation, all factors and considerations support Applied's request for permissive intervention and the Court would exercise its discretion and grant Applied permissive intervention under Rule 24(b). *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 663 (D.N.M. 2017) (stating courts possess broad discretion in determining whether to grant permissive intervention).

## CONCLUSION

Applied's Motion to intervene is granted based upon the reasoning set forth above. The Court is in no way making a blanket statement there will always be a sufficient interest that could be impaired or impeded where an employee files suit against only one employer when the possibility of joint employers is present. Rather, the Court's ruling is narrowly tailored to the facts and circumstances of this case as described above. The Clerk of Court shall amend

the caption in this case identifying Applied Consultants, Inc. as Intervenor-Defendant in this action.

NOW, THEREFORE, IT IS ORDERED Movant Applied Consultants, Inc's Motion to Intervene [Doc. 18] is GRANTED.

IT IS FURTHER ORDERED the Clerk of Court shall amend the caption in this case identifying Applied Consultants, Inc. as Intervenor-Defendant in this action.

Dated this 3rd day of March, 2020.

_____
Kelly H. Rankin
U.S. Magistrate Judge