UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| JASON ALTENHOFEN, DICKIE FOSTER, GARY SLAID, AND NICHOLAS NIMMO Individually and For Others Similar Situated, <br><br> Plaintiff, <br><br> v. <br><br> ENERGY TRANSFER PARTNERS, L.P., <br><br> Defendant. | Case No. 2:20-cv-200-DSC |

## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1), (2), (3) AND (6)

Defendant Energy Transfer Operating, L.P.[1] ("Energy Transfer"), through its attorneys, submit this Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), and (6).[2]

In support of this Motion, Energy Transfer relies on the May 28, 2020 Declaration of K. Pengal (attached hereto as Exhibit A and hereafter ("Frontier Dec.")), the May 28, 2020 Declaration of Tracy Barnett (attached hereto as Exhibit B and hereafter ("Complete Field Dec.")), the May 28, 2020 Declaration of H. Sonneborn (attached hereto as Exhibit C and hereafter ("Energy Transfer Dec.")), the March 5, 2020 Declaration of M. Frye (attached hereto as Exhibit D and hereafter ("Cleveland Integrity Dec.")), the email correspondence of Andrew Dunlap (attached hereto as Exhibit E and hereafter ("Email from A. Dunlap")), the

---

[1] Energy Transfer Operating, L.P. is misidentified in the caption by its former name, Energy Transfer Partners, L.P.

[2] A Motion to Compel Arbitration with respect to Altenhofen, Nimmo and Foster was filed immediately after this Motion and should be considered only if the Court does not dismiss the claims in the Amended Complaint. Otherwise, it is moot.

contemporaneously filed Brief in Support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, and further states as follows:

1. Plaintiffs Nimmo, Foster and Slaid did not work in Pennsylvania and thus this Court lacks personal jurisdiction over their claims. (Ex. A, Frontier Dec. at ¶¶ 10, 19; Ex. B, Complete Field Dec. at ¶ 8; Ex. E, Email from A. Dunlap). No employment relationship exists between Energy Transfer and Plaintiffs. (Ex. C, Energy Transfer Dec. at ¶¶ 1-8).

2. When a defendant raises the defense of the court's lack of personal jurisdiction, the burden then falls upon the plaintiff to prove, either by sworn affidavits or other competent evidence, that jurisdiction is proper, i.e., he must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citations omitted).

3. "General jurisdiction over a foreign corporation, partnership or unincorporated entity exists where its affiliations with the [forum] State are so continuous and systematic' as to render [it] essentially at home there." *Capital Suppression Co., LLC v. Kurant*, No. CV 19-2759, 2019 WL 6910133, at *5 (E.D. Pa. Dec. 19, 2019) (*citing Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014)).

4. Energy Transfer is not subject to general personal jurisdiction in Pennsylvania because it is not "essentially at home there." *Daimler*, 571 U.S. at 119. Plaintiffs' attempts to invoke jurisdiction by stating "Energy Transfer Partners, L.P. is a **Texas** limited partnership and has already been served with process. Energy Transfer performs substantial services in Pennsylvania" are inadequate under binding law. (Doc. No. 69 at ¶ 30) (internal citation removed) (emphasis added). *Daimler* explicitly rejected the idea that a business could be subjected to general personal jurisdiction in any state in which it had "continuous and systematic

contacts" or any state in which it engaged in a "substantial, continuous, and systematic course of business" calling the idea "unacceptably grasping." 571 U.S. at 138.

5. Energy Transfer is not subject to specific personal jurisdiction with respect to a nationwide FLSA claim for unpaid overtime or Nimmo, Foster, and/or Slaid's claim under the Ohio Acts for which they seek class certification under Fed. R. Civ. P. 23. In *Bristol Myers*, the Supreme Court made clear that specific jurisdiction exists only where there is "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." 137 S. Ct. 1773, 1781. Numerous federal courts have applied this maxim to find that specific personal jurisdiction does not exist for out-of-state FLSA claims asserted against a non-resident defendant because by definition, such claims do not arise out of or relate to the defendant's contacts with the forum state.[3] Similarly, courts have routinely dismissed class action claims for alleged violations of non-forum statutes because such claims do not arise out of or relate to any of the defendant's contacts with the forum[4]

6. The Amended Complaint is subject to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) because plaintiffs do not establish Energy Transfer is their employer. The FLSA defines the federal courts' jurisdiction to hear FLSA cases by expressly limiting that jurisdiction to claims against "employers." S*ee* 29 U.S.C. § 216(b). Plaintiffs do not allege enough facts to establish that Energy Transfer was their employer.

7. Under the Third Circuit's joint employment test, for Energy Transfer to be deemed a joint

---

[3] *E.g., Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018); *Szewczyk v. United Parcel Serv., Inc.*, 2019 WL 5423036, at *7 (E.D. Pa. Oct. 22, 2019); *Chavira v. OS Rest. Servs., LLC*, 2019 WL 4769101, at *6 (D. Mass. Sept. 30, 2019); *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 279 (S.D.N.Y. 2019).
[4] *Demaria v. Nissan North America, Inc.*, 2016 WL 374145 at *1 (N.D. Ill. Feb. 1, 2016); *Demedicis v. CVS Health Corp.*, 2017 WL 569157 (N.D. Ill. Feb. 13, 2017).

employer, evidence must be put forward demonstrating Energy Transfer's (1) authority to hire and fire; (2) authority to promulgate work rules and assignments and set conditions of employment; (3) involvement in day-to-day employee supervision, including employee discipline; and (4) the alleged employer's actual control of employee records. *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012). Plaintiffs have put forward no non-conclusory allegations alleging any such facts. The reason for this is obvious because, in fact, Energy Transfer did not set their pay, control their work, or otherwise determine their conditions of employment. (Ex. C, Energy Transfer Dec. at ¶¶ 1-8).

8. Plaintiffs also fail to state a plausible claim for unpaid overtime under the FLSA, PMWA, and Ohio Acts. A plaintiff must do more than plead vague and generalized allegations asserting failure to pay overtime. *See Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242–43 (3d Cir. 2014). Plaintiffs have wholly failed to "provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Davis*, 765 F.3d at 243 (quoting *Nakahata*, 723 F.3d at 201). Additionally, Plaintiffs contend that the FLSA's three-year statute of limitations should govern, as opposed to the two-year limitations period. Plaintiffs' single, conclusory statement mandates dismissal. "[p]roof of willfulness must be far stronger, such as evidence that the defendant had previously been investigated for FLSA violations, or evidence of a scheme by the employer to cover-up FLSA violations." *Williams v. Md. Office Relocators, LLC*, 485 F. Supp. 2d 616, 621 (D. Md. 2007).

9. Slaid and Nimmo fail to allege facts showing their alleged claims fall within the statute of limitations of the Ohio Acts. Under Ohio law a claim for unpaid wages must be commenced

within two years.[5]  Slaid and Nimmo opted into this lawsuit on April 2 and 10, 2020.  (Doc. No.'s 36, 39).  Accordingly, they may only assert claims accruing after April 2 and 10, 2018.  However, Slaid alleges he ceased work in July 2017 and Nimmo alleges he ceased work in August 2017.  (Doc. No. 69 at ¶¶ 16, 19).  Thus, any claim under the Ohio Acts is time-barred and must be dismissed.

10. Energy Transfer moves for dismissal under Fed. R. Civ. P. 12(b)(3) because the Western District of Pennsylvania is not the proper venue for this dispute to be heard. Under 28 U.S.C. § 1391(b), venue would be proper if this district were "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." But no "substantial part" of the events giving rise to any of the claims asserted by Altenhofen, Slaid, Nimmo, or Foster occurred in this district.  Slaid, Nimmo, and Foster only performed work in Ohio, Indiana, and Louisiana, respectively.  (Ex. A, Frontier Dec. at ¶¶ 10, 19; Ex. B, Complete Field Dec. at ¶ 8).  Given the location of events giving rise to the overtime claims—Ohio, Indiana, Louisiana, and a mere 10.5 miles in Pennsylvania—it can hardly be said that the W.D. of Pennsylvania has a *substantial* relationship to this dispute.  *Id.*; *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994); *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371 (11th Cir.2003).

11. A proposed order is attached hereto for the convenience of the Court

---

[5]  O. R. C . § 2305.11(A) ("[a]n action ... by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued.").

**CHAMBERLAIN HRDLICKA**
 **WHITE WILLIAMS & AUGHTRY**

By: *s/ Annette A. Idalski*
Annette A. Idalski (*pro hac vice*)
Brian A. Smith (*pro hac vice*)
191 Peachtree Street, N.E., 46th floor
Atlanta, GA 30303-1747
Telephone: (404) 658-5386
Annette.idalski@chamberlainlaw.com
brian.smith@chamberlainlaw.com

**SCHNADER HARRISON SEGAL & LEWIS LLP**
Keith A. Whitson
PA ID No. 69656
kwhitson@schnader.com
120 Fifth Avenue
Suite 2700
Pittsburgh, Pennsylvania 15222
Telephone: (412) 577-5200
Facsimile: (412) 765-5190

*Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

This is to certify that on May 29, 2020, I conferred with Andrew Dunlap, counsel for Plaintiffs regarding the substance of this Motion. While initially opposed, counsel have agreed to confer further on June 2, 2020.

By: */s/ Annette A. Idalski*

## CERTIFICATE OF SERVICE

This is to certify that on May 29, 2020, I served filed the foregoing with the Court's CM/ECF electronic filing system, which automatically generates notice and service upon all counsel of record.

By: */s/ Annette A. Idalski*

3493430.v1