IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ALTENHOFEN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 20-200 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ENERGY TRANSFER PARTNERS, LP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Energy Transfer Partners, LP.'s (ETP's) Motion to Compel Arbitration (Doc. 75) will be granted. Putative intervenors Cleveland Integrity Services, Inc.'s (CIS's) and Cypress Environmental Management-TIR, LLC's (CEM-TIR's) Motions to Intervene (Docs. 77 & 102) will be granted. And, ETP's Motion to Dismiss (Doc. 73) will be denied without prejudice, as described below.

The Court does not write on a blank slate. Many of the lawyers in this case have litigated numerous, materially similar lawsuits, in this and other Districts. Suffice to say, it is neither counsels' not the Court's "first rodeo."

Any plaintiff, or putative opt-in, subject to the arbitration provisions referenced in ETP's, CIT's and CEM-TIR's motion papers are required to proceed with arbitration. Heaster v. EQT Corp., 2020 WL 5536078,*8 (W.D. Pa. Aug. 17, 2020), *R&R adopted by Mem. Order* in Civ. Action No. 19-1463 (Sept. 15, 2020); Robertson v. Enbridge (U.S.) Inc., 2020 WL 5754214 (W.D. Pa. Jul. 31, 2020), *R&R adopted by Mem. Order* in Civ. Action No. 19-1080 (Sept. 24, 2020) (both holding same under materially analogous circumstances). Whether ETP may enforce the agreements, as a non-signatory, is a question reserved for arbitration. Robertson,

2020 WL 5754214, at *3-5.  And, CIS and CEM-TIR have sufficient interests to warrant intervention.  Robertson v. Enbridge (U.S.) Inc., 2020 WL 2105064 (W.D. Pa. Apr. 13, 2020), *R&R adopted by Mem. Order* in Civ. Action No. 19-1080 (May 1, 2020).

All of the claims of named-Plaintiffs Jason Altenhofen, Dickie Foster and Nicholas Nimmo – as well as those of any putative opt-in plaintiff subject to an arbitration agreement – properly must be stayed, pending arbitration.  Heaster; Robertson.

This leaves named Plaintiff Gary Slaid, who is not alleged to be bound by an arbitration agreement.  His involvement requires the Court to reach ETP's Motion to Dismiss for lack of personal jurisdiction.[1]

The Court agrees with ETP that it is not subject to general personal jurisdiction, pursuant to the Supreme Court's teachings in *Daimler*.  The Court rejects ETP's suggestion, however, that the Supreme Court decision in *Bristol-Myers* should be extended to FLSA collective actions.  This is a minority view, and the Court joins the many others holding that *Bristol-Myers* does not apply.  *See, e.g.*, O'Quinn v. TransCanada USA Servs., Inc., 469 F.Supp.3d 591, 612 (S.D. W. Va. 2020) ("[*Bristol-Myers*] does not apply to FLSA collective actions") (citations to collected cases omitted); Hickman v. TL Transp., LLC, 317 F.Supp.3d 890, 899 n.2 (E.D. Pa. 2018) ("many district courts . . . have convincingly found that *Bristol-Myers* does not prevent a plaintiff in federal court from asserting federal claims on behalf of a nationwide [collective]") (citations omitted).

---

[1] The other arguments in ETP's Motion to Dismiss are unpersuasive.  Although Plaintiffs cannot avoid their arbitration agreements by omitting claims against CIS, CEM-TIR or any like "staffing" company, they have made sufficient allegations that ETP was their employer, for the purposes of the FLSA.  Any further argument regarding whether ETP actually was an employer, under the joint-employer theory or otherwise, cannot properly be resolved under the legal standards now-governing.  At best, that determination would require a conversion to summary judgment.

In light of the foregoing, ETP's jurisdictional, and venue, challenges only "have legs" if no named plaintiff worked for or with ETP in this District. O'Quinn at 614 ("[s]o long as [a] named plaintiff in an FLSA action was injured in the forum state by the defendant's conduct[,] then the suit arises out of or relates to the defendant's contacts with the forum"); Szewczyk v. U.P.S., Inc., 2019 WL 5423036,*8 (E.D. Pa. Oct. 22, 2019) ("it is well-established that when a single named plaintiff seeks to bring a claim on behalf of a class or collective, that named plaintiff must establish that the court has personal jurisdiction over the defendant with respect to his or her claim") (collecting cases).

Mr. Slaid claims to have worked for/with ETP in both Pennsylvania and Ohio, between January 2016 and July 2017. Am. Compl. (Doc. 69) at ¶¶ 16-17. ETP disputes that he worked in Pennsylvania within a time-frame relevant to his claim(s). See Doc. 87 at 1. Having reviewed Defendant's referenced-evidence (Doc. 73-2), however, the Court cannot agree that it definitively resolves the dispute.[2] Moreover, Plaintiffs' counsel has requested limited jurisdictional discovery on this point, see Doc. 83 at 6 n.5, and such a request will be granted unless a plaintiff's claim for personal jurisdiction is "clearly frivolous." Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 781-82 (3d Cir. 2018). In this case, it is not.

Furthermore, the Court disagrees with ETP's implicit suggestion that it would be improper to allow Plaintiffs to amend the pleadings, to add as named plaintiff(s) any

---

[2] Although statute-of-limitation challenges normally are restricted to those evident from the face of the complaint, the questions of whether and when Mr. Slaid worked in Pennsylvania are relevant to the personal jurisdiction inquiry. The Court is unaware of legal authority prohibiting such consideration in this context.

opt-ins who worked in Pennsylvania and weren't subject to an arbitration agreement.[3] ETP would not be unduly prejudiced, given that this case was filed in 2020 and remains in its nascent stage. *See, e.g.*, Sims v. Time Warner Cable Inc., 2018 WL 6427249, *2-3 (S.D. Oh. Dec. 7, 2018) (granting leave to amend, to "swap out" the named plaintiff for a more appropriate opt-in, because, among other things, defendants were not unduly prejudiced).

The Court may question the wisdom, and efficacy, of attempting to proceed with a collective action against ETP − a company that has yet to be established as an "employer" of any putative collective action member – while, at the same time, it appears that a sizable portion of the membership-pool is bound to arbitration. *See generally* Doc. 78 at 1 (indicating that, as of June 4, 2020, no fewer than fifteen opt-in employees are subject to arbitration agreements with CIS). Nevertheless, the Court presently cannot rule out the possibility that Mr. Slaid, or a like-employee, may proceed with collective claims, in this Court and against ETP.

Consistent with the foregoing, the Court hereby ORDERS as follows: CIS's and CEM-TIR's Motions to Intervene (**Docs. 77 & 102**) are **GRANTED**, and the Clerk of Court is directed to change those entities' status from Movants to Defendants; ETP's Motion to Compel Arbitration (**Doc. 75**) is **GRANTED**, and all claims asserted by Plaintiffs Jason Altenhofen, Dickie Foster and Nicholas Nimmo, as well as the claims of any opt-in employee subject to an arbitration agreement consistent with the ones discussed in ETP's, CIS's and CEM-TIR's motion-papers, are **STAYED**; and ETP's Motion to Dismiss (**Doc. 73**) is **DENIED WITHOUT**

---

[3] *Cf.* Doc. 87 at 1 (where ETP argues, in a different context, that a plaintiff should not be able to "manufacture jurisdiction simply by adding plaintiffs after service of a complaint"). Determining who would best-serve the role of named plaintiff necessarily is informed by the outcome of the arbitration-issue, a decision that was − until now − uncertain.

**PREJUDICE**, subject to the filing an amended complaint and/or a motion for limited jurisdictional discovery.

IT IS FURTHER ORDERED that the deadline for filing a second amended complaint, should there be one, is **December 30, 2020**.  This should be viewed as a last, best chance for amendment, because further opportunity will not be provided.  Any motion for limited jurisdictional discovery also is due by **December 30, 2020**.  The motion must identify the nature and scope of discovery contemplated, and the Court will afford non-movants an opportunity to respond.  The Court does not intend to indulge anything more than narrowly-tailored, limited and expedited discovery.  This should inform the nature of the proposal(s), and any request inconsistent with those parameters will be summarily rejected.

IT IS SO ORDERED.


December 14, 2020                                                       s/Cathy Bissoon
                                                                        Cathy Bissoon
                                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record